Filed
File Date: 2/19/2025 7:31 PM
Cheshire Superior Court
E-Filed Document

STATE OF NEW HAMPSHIRE

CHESHIRE COUNTY SUPERIOR COURT

Case Number: 213-2025-CV-00035

Lisa M. Tkal, Executor of the Estate of Christopher Tkal

v.

Sun Life Assurance Company of Canada

### COMPLAINT

NOW COMES Lisa M. Tkal, Executor of the Estate of Christopher Tkal of 1461 County Road, Walpole, NH 03608 (the "Plaintiff"), by and through her attorneys, Lane and Bentley, P.C., and complains against Sun Life Assurance Company of Canada of One Sun Life Executive Park, Wellesley Hills, MA 02481 (the "Defendant") and says as follows:

1. Lisa M. Tkal is the Executor of the estate of her late husband, Christopher Tkal, by order of appointment issued by the 8th Circuit-Probate Division-Keene on July 18, 2022 in Case Number: 313-2022-ET-00364.

2. That Christopher Tkal died on February 20, 2022 as a result of an officer involved shooting at his residence and that of the Plaintiff located at 1461 County Road in Walpole, NH.

3. Prior to his death, Christopher Tkal was employed by Dartmouth-Hitchcock Health and, as an employee, had accidental insurance death benefits under Group Policy 904342 issued by the Defendant.

4. The Group Policy referred to above provides that "accident or accidental means an event that an average person would consider sudden and unforeseeable and;

    -that results directly and independently of all other causes;
    -is independent of any illness, disease or other bodily malfunction; and
    -occurs while coverage is in force under the Policy for the inured."

**EXHIBIT A**

5. The Group Policy referred to above further states "[w]hat exclusions apply to the benefits payable? [further stating that] no benefits will be payable for any loss that is the result of a Covered Accident that is due to or results from: committing or attempting to commit a felony."

6. Following the death of Christopher Tkal, the Plaintiff filed a claim with the Defendant for accidental death benefits under the aforementioned policy with the Defendant assigning Group Life Claim Number GLC-51876 to the Plaintiff's claim.

7. By letter dated November 21, 2022, the Defendant, acting by and through Lisa Larson, Life Benefit Case Manager 1, denied the Plaintiff's claim presumably based upon the policy exclusion language referenced in Paragraph 5, above.

8. The Denial Letter referenced in Paragraph 7, above, provided that the Plaintiff had a right to appeal the November 21, 2022 denial to the Defendant's appeal unit by submitting such an appeal to the Defendant within 180 days from the date of the November 21, 2022 letter.

9. By letter dated May 18, 2023, the Plaintiff, by counsel, filed an appeal with the Defendant from the denial of the Plaintiff's claim for accidental death benefits.

10. By letter dated August 15, 2023, the Defendant, acting by and through Scott Cooley, Senior Benefits Consultant I - Appeals, denied the Plaintiff's appeal determining that Christopher Tkal's death resulted while he was in the process of committing a crime which, if true, would be an exclusion of benefits under the Group Life Policy referred to above.

11. The Plaintiff specifically denies that her husband was in the process of committing a crime when he was shot and killed by NH State Trooper Noah Sanctuary on February 20, 2022 at approximately 12:06 a.m.

12. At the time that he was shot and killed, Christopher Tkal was behind a solid wall in a backroom attached to the garage which is underneath the residence and, as such, was not visible to NH State Trooper Noah Sanctuary.

13. NH State Trooper Noah Sanctuary fired his weapon from outside the residence through a small window in a closed garage door with the bullets then piercing the solid wall of the backroom striking Christopher Tkal and killing him.

14. NH State Trooper Noah Sanctuary fired his weapon in complete disregard to the safety of Christopher Tkal and without justification.

15. At all relevant times, Christopher Tkal did not threaten himself or anyone else, including NH State Trooper Noah Sanctuary, with the use of a weapon.

16. At all relevant times, Christopher Tkal did not use or exhibit any force whatsoever towards NH State Trooper Noah Sanctuary.

17. It was the unjustified and unlawful use of deadly force by NH State Trooper Noah Sanctuary that resulted in the death of Christopher Tkal with his death, under those circumstances, qualifying for accidental death benefits under the Group Life Policy referred to above.

18. The Plaintiff gives notice of pending litigation in the United States District Court for the District of New Hampshire in the case entitled "Lisa Tkal, Administrator of the Estate of Christopher Tkal against New Hampshire State Trooper Noah Sanctuary, in his individual capacity, New Hampshire State Trooper Anthony LaPlaca, in his individual capacity, and John Does #1-20 (factiously named) in their individual capacities, bearing Docket Number: Case 1:24-cv-00425-SM-TSM raising similar issues as set forth above.

WHEREFORE Lisa M. Tkal, Executor of the Estate of Christopher Tkal respectfully prays as follows:

**EXHIBIT A**

A. That the Court issue an Order of Notice on this Complaint to Sun Life Assurance Company of Canada.

B. That the Court, after hearing, find that the Estate of Christopher Tkal is entitled to receive accidental death benefits under Group Policy 904342 issued by the Defendant pursuant to Plaintiff's Group Life Claim: GLC-51876 for the reasons set forth above.

C. For such further and other relief as may be equitable and just.

    Respectfully submitted,

    LISA M. TKAL, EXECUTOR OF THE ESTATE OF CHRISTOPHER TKAL

    By her attorneys,

    LANE AND BENTLEY, P.C.

February 19, 2025    By: /s/ Michael P. Bentley
    Michael P. Bentley, Esq.
    NH Bar #531
    106 Washington Street, PO Box 472
    Keene, NH 03431
    Tel. 603-352-5720
    mikebentley@laneandbentley.com